UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MONIQUE BAKER MCCORMICK

Plaintiff,

v.

WAYNE COUNTY ELECTION COMM.,
et al.

Defendants.

Case No. 14-12016

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE R. STEVEN
WHALEN

**ORDER HOLDING that THE COURT has JURISDICTION to HEAR this CASE AND PLAINTIFF HAS STANDING TO BRING THIS CASE**

The hearing on Plaintiff's Motion for Temporary Restraining Order [15] is on an expedited schedule. In the interest of enabling the parties to best direct their preparation, the Court entered an Order [26] narrowing the scope of the continued hearing scheduled for June 3, 2014 to the true emergencies in this case—whether Burton Leland and Ramon Patrick are proper candidates for Wayne County Commissioner for District Six in the August 5, 2014 primary election. In this Order, the Court will announce its preliminary rulings on some of Defendants' procedural arguments.

Defendant Detroit City Clerk Winfrey argues that Plaintiff does not state any federal claims and therefore this Court does not have jurisdiction to hear this case. "Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and

filings." *Stanley v. Vining*, 602 F.3d 767, 774 (6th Cir. 2010). The leniency afforded to pro se litigants still requires that the complaint "contain either direct or inferential allegations respecting all the material elements" to recover under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). "The appropriate liberal construction requires active interpretation in some cases." *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir.1985); *see e.g. Boswell v. Mayer*, 169 F.3d 384 (6th Cir. 1999) (liberally construing the factual allegations in a pro se complaint to "uncover" a First Amendment claim that was not directly stated in the complaint). So, although Plaintiff unsuccessfully attempted to state a federal claim under various subsections of 42 U.S.C. 1973gg, she has clearly asserted allegations that support a different federal claim. County and municipal entities are considered "persons" within the meaning of § 1983 and may be sued for constitutional deprivations. U.S. Const. amend. XI; 42 U.S.C. § 1983. Plaintiff has alleged that Defendants have violated her due process rights under the Fourteenth Amendment by not abiding the state laws governing the Wayne County Commissioner election and Detroit voter registration. *See Hunter v. Hamilton County Bd. of Elections*, 635 F.3d 219 (6th Cir. 2011) (holding that actions of county election board violated candidate's due process rights). The Court has jurisdiction to entertain Plaintiff's complaint.

Similarly, both Defendant Detroit City Clerk Winfrey and Intervening

Defendant Leland argue that this Court does not have the power to enforce state rights or law. "Although a federal court does not have the power to compel state officials to enforce state rights, it may 'issue a writ of mandamus ordering a state official to enforce rights protected by federal law.'" *Dascola v. City of Ann Arbor* No. 14-11296, 2014 WL 2095362 at *8 (E.D. Mich. May 20, 2014). Plaintiff's allegations support a claim for violation of her federal due process rights as secured by the Fourteenth Amendment of the United States Constitution. Michigan law provides that candidates for Wayne County Commissioner must reside in the district they are running to represent for thirty days prior to seeking office and throughout the term of their office. If Defendant Wayne County Election Commission is refusing to enforce that law, it is violating Plaintiff's federal due process rights.

Defendant Wayne County Election Commission argues that Plaintiff does not have standing to bring this action. In order to have standing, a plaintiff must allege an injury that is imminent, not conjectural or hypothetical; causation; and redressability. *Steel Co. v. Citizens for a Better Environment*, 524 U.S. 83, 103 (1998). Plaintiff has alleged that she will be denied a fair election if Leland and Patrick are improperly included on the ballot, that Defendants are improperly including Leland and Patrick on the ballot, and that she will be denied a fair election if improper candidates are included on the ballot. The Court preliminarily finds that

Plaintiff has standing to bring this action.

Defendant Wayne County Election Commission argues that Plaintiff is barred by laches from bringing this action because she knew that Defendant Wayne County Clerk certified Burton Leland to be a candidate on May 13, 2014, but did not file this case until May 20, 2014. A party asserting laches must show: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it. *United States v. City of Loveland*, 621 F.3d 465, 473 (6th Cir. 2010). Defendant Wayne County Election Commission cannot show prejudice to itself caused by Plaintiff's six-day delay because the hearing on June 3, 2014 is before the anticipated ballot printing date.

Defendant Wayne County Election Commission, Defendant Detroit City Clerk Winfrey, and Intervening Defendant Leland argue that Plaintiff is barred by res judicata and collateral estoppel from bringing this action because of a previous case litigated in state court regarding the 2012 election for Wayne County Commissioner. Res judicata bars claims which, *inter alia*, were or should have been litigated in the prior action. *Pacific Employers Ins. Co. v. Sav-a-Lot of Winchester*, 291 F.3d 392, 399 (6th Cir. 2002). Plaintiff did not challenge and could not have challenged Leland's or Patrick's or anyone's candidacy in the 2014 election prior to their formalization of candidacy. Res judicata does not bar the instant case. Similarly,

collateral estoppel does not bar the instant case. Collateral estoppel bars cases if the determination of issues in previous actions is conclusive to the issues in the subsequent litigation. *Darrah v. City of Oak Park*, 255 F.3d 301, 311 (6th Cir. 2001). Given that the actual residency of a candidate is a time-sensitive determination—that is, it can change at any time—previous alleged determinations of Leland's residency do not bear on the present action. Collateral estoppel does not bar this action.

"Confidence in the integrity of our electoral processes is essential to the functioning of our participatory democracy." *Purcell v. Gonzalez*, 549 U.S. 1, 6 (2006). Plaintiff has presented evidence that intervening Defendant Burton Leland did not reside at 1725 Bentlar, Detroit, Michigan in the recent past while he was representing Wayne County District Six as an elected official. Plaintiff presented evidence that intervening Defendant Burton Leland in fact resided at 1703 Colorado Drive, East Lansing, Michigan in the recent past while he was representing Wayne County District Six as an elected official. Plaintiff's evidence does not directly pertain to the time period relevant to this action—that is, continuously to the present since thirty days before Leland filed his Affidavit of Identity on January 28, 2014. There is nothing in the record, however, to indicate to the Court that the evidence Plaintiff presented about Leland's residence in the recent past no longer accurately depicts Leland's residential situation. Accordingly, the Court finds that an expedited

evidentiary hearing on this issue is the most practical approach to resolve the emergency issues in this case.

Michigan Election Law defines residence as:

> that place at which a person habitually sleeps, keeps his or her personal effects, and has a regular place of lodging. If a person has more than 1 residence, or if a person has a residence separate from that of his or her spouse, that place at which the person resides the greater part of the time shall be his or her official residence for the purposes of this act. This section does not affect existing judicial interpretation of the term residence.

M.C.L. § 168.11(1). Michigan judicial interpretation of the term residence appears to be coextensive with the Michigan statutory definition. *See Gallagher v. Keefe*, 591 N.W.2d 297 (Mich. Ct. App. 1998) (invoking M.C.L. § 168.11(1) to find that the successful candidate for Ingham County Commissioner had not satisfied Michigan Election Law residency requirements). Michigan law also requires candidates for county commissioner to reside in the district they wish to represent for thirty days before seeking office. *See* M.C.L. § 46.411 ("[t]he deadline for [candidates for county commissioner to] fil[e] nomination petitions or filing fees is the same as for a candidate for state representative") *and* Opn. Mich. Atty. Gen., No. 4931, p. 332 (1977) ("[a]ssuming that a person is a resident of the district in fact and intention, he must be a resident for a minimum of 30 days to qualify to seek election to the legislature"). The record indicates that Burton Leland has "more than 1 residence."

Therefore the question before the Court now is has Burton Leland spent "the greater part of [his] time" at 1725 Bentlar, Detroit, Michigan since December 29, 2013?

Accordingly,

**IT IS ORDERED** the Court will hold an evidentiary hearing on June 3, 2014 at 1:30pm to determine whether Burton Leland has continuously resided within District Six of Wayne County since December 29, 2013, thirty days prior to the filing dates of his Affidavit of Identity to run in the 2014 election.

**SO ORDERED**.

/s/Arthur J Tarnow

Arthur J. Tarnow

Dated: June 2, 2014                    Senior United States District Judge