UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONIQUE BAKER MCCORMICK,

       Plaintiff,

v.

WAYNE COUNTY ELECTION
COMMISSION, et al.,

       Defendants.
_____/

Case No. 14-12016

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE R. STEVEN WHALEN

ORDER DENYING PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER [15]; GRANTING
DEFENDANT DETROIT COUNTY CLERK JANICE WINFREY'S MOTION
FOR EXTENSION OF TIME [24]; GRANTING BURTON LELAND'S MOTION
TO INTERVENE AS DEFENDANT [24]; AND MOOTING INTERVENING
DEFENDANT LELAND'S MOTION TO QUASH SUBPOENA [29]

Before the Court is Plaintiff's Motion for Temporary Restraining Order (TRO) [15]. In pertinent part, Plaintiff requests that the Court issue a writ of mandamus and TRO ordering Defendant Wayne County Election Commission to exclude Burton M. Leland and Ramon J. Patrick from the ballots for the August 5, 2014 primary election for Wayne County Commissioner for District Six. Plaintiff claims that both Leland and Patrick are ineligible to run for the office due to their residency statuses. Plaintiff alleges that Leland does not live in District Six and that Patrick cannot use a business address for electoral purposes. For the reasons stated on the record in addition to the reasons stated herein, Plaintiff's Motion for Temporary Restraining Order [15] is DENIED.

On June 3, 2014, the Court held an evidentiary hearing to establish a record regarding the residencies of Leland and Patrick since thirty days prior to their respective filing dates of their Affidavits of Identity to run for the office. Both Leland and Patrick testified at the hearing. Leland testified that he "guestimates" that he spends about sixty percent of his time at the Detroit address on Bentler. Plaintiff presented several pieces of evidence indicating that Leland spends a lot of his time elsewhere. Patrick testified that he has lived at the business address listed in his Affidavit of Identity since around 2008.

"To insure that the writ of mandamus is issued only in such extraordinary circumstances, the party seeking the writ must satisfy two conditions . . . [f]irst, the party seeking the writ must have no other adequate means to attain the relief he desires . . . [s]econd, the [plaintiff] must satisfy the burden of showing that [her] right to issuance of the writ is clear and indisputable." *In re Mechem*, 880 F.2d 872, 874 (6th Cir. 1989).

"A preliminary injunction is reserved for only the most egregious case, and should not be extended to cases which are doubtful or do not come within well-established principles of law." *Bonnell v. Lorenzo*, 241 F.3d 800, 826 (6th Cir. 2001). The moving party has the "burden of proving that the circumstances clearly demand [an injunction]." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

When evaluating a motion for preliminary injunction, the Court must consider four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Bonnell*, 241 F.3d at 809 (quoting *Rock & Roll Hall of Fame v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998)).  No single factor is controlling of the outcome, although if "there is simply no likelihood of success on the merits" that is usually "fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

Michigan Election Law defines residence as:

> that place at which a person habitually sleeps, keeps his or her personal effects, and has a regular place of lodging. If a person has more than 1 residence, or if a person has a residence separate from that of his or her spouse, that place at which the person resides the greater part of the time shall be his or her official residence for the purposes of this act. This section does not affect existing judicial interpretation of the term residence.

M.C.L. § 168.11(1).  The record indicates that Burton Leland has "more than 1 residence."  The question before the Court, therefore, was, with regard to Burton Leland, has he spent "the greater part of [his] time" at 17254 Bentler, Detroit, Michigan since December 29, 2013?

At the hearing, the Court found both Patrick and Leland's testimonies to be the most direct evidence about their residency statuses in the record.  As a result, factor

one of the TRO test weighed against issuing a TRO because Plaintiff had not satisfied the strenuous burden of showing a strong likelihood of success on the merits.

Second, the Court found that Plaintiff will not suffer irreparable injury if Patrick and Leland appear on the ballot because she will still appear on the ballot and voters can still simply vote for Plaintiff if they wish. The second factor weighed against issuing a TRO.

Third, the Court found that the issuance of an injunction would not substantially harm Defendant Wayne County because ballots have not yet been printed. The third factor, weighed slightly in favor of issuing a TRO.

Fourth, the Court found that the public interest would be better served by leaving candidates on the ballot for voters to decide who should represent District Six via the participatory democratic process. The fourth factor weighed against issuing a TRO.

The Court being fully advised in the premises, for the reasons stated on the record and the reasons stated in this Order,

IT IS HEREBY ORDERED that Plaintiff's Motion for Temporary Restraining Order [15] is DENIED.

IT IS FURTHER ORDERED that Defendant Detroit County Clerk Janice Winfrey's Motion for Extension of Time [22] is GRANTED.

IT IS FURTHER ORDERED that Intervening Defendant Leland's Motion to Intervene [24] is GRANTED.

IT IS FURTHER ORDERED that Intervening Defendant Burton Leland's Motion to Quash Subpoena [29] is MOOT.

SO ORDERED.

                                                   s/Arthur J. Tarnow
                                                   Arthur J. Tarnow
                                                   Senior United States District Judge

Dated: June 5, 2014